IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL L. BURGOS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3547 |
| | : | |
| DRC GAUDENZIA, *et al.*, | : | |
|     Defendants. | : | |

MEMORANDUM

**PEREZ, J.**                                                                                                                           November 21, 2023

      Plaintiff Angel L. Burgos, an inmate currently confined at SCI Coal Township, filed this action alleging violations of his civil rights during a stay at DRC Gaudenzia ("Gaudenzia"), a drug treatment facility in Philadelphia, Pennsylvania. Burgos seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Burgos *in forma pauperis status* and will dismiss the Complaint without prejudice. Burgos will be given an opportunity to cure the noted deficiencies by filing an amended complaint.

**I.**       **FACTUAL ALLEGATIONS**[1]

      Burgos utilized the Court's form complaint for use by incarcerated *pro se* litigants to file civil rights cases. He names Gaudenzia and "A. Telarico" as Defendants and lists the same Philadelphia address for both. (Compl. at 2.) Burgos checked boxes on the form indicating that he is a convicted and sentenced state prisoner and further represented that he is "back on [a] parole violation." (*Id.* at 4.)

---

[1] The allegations set forth in this Memorandum are taken from Burgos's Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

The factual allegations set forth in Burgos's Complaint are brief.  Burgos claims that on March 28, 2023, he was assaulted by Defendant Telarico and "K9 Airscan" during a drug and weapons search at Gaudenzia.  (*Id.* at 4-5.)  He alleges that "K9 Airscan" and Defendant Telarico "choked me with his hands around my neck and forcefully took me to the ground with a knee in my back."  (*Id.* at 5.)  According to Burgos, several onlookers witnessed the event.  (*Id.*)

Burgos asserts that he has suffered lower back problems since the incident and sought treatment at SCI Coal Township for his injuries.  (*Id.*)  He also has developed a fear of dogs.  (*Id.*)  As relief, Burgos requests that "the parties involved [be] dealt with in a reasonable manner" so that no one else is hurt in the future.  (*Id.*)  He further notes that he lost his job and "6 months of work" which has negatively impacted his ability to gain custody of his son.  (*Id.*)

## II.   STANDARD OF REVIEW

The Court grants Burgos leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true,

---

[2] However, as Burgos is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

As Burgos is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III.  DISCUSSION

Burgos contends that his constitutional rights were violated when he was subjected to the use of excessive force by Defendant Telarico, and K9 Airscan, at Gaudenzia. (*See* Compl. at 4-5.) He asserts claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no

liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Burgos's Complaint in its current form is undeveloped and falls short of providing sufficient factual allegations to state a plausible claim. As a threshold matter, he has not plausibly alleged facts demonstrating that the Defendants are state actors for purposes of § 1983. Indeed, Burgos has not alleged any details suggesting that the conduct of either Defendant constituted state action. He merely claims that on March 28, 2023, he was assaulted by

4

Defendant Telarico and K9 Airscan during a drug and weapons search at Gaudenzia. (Compl. at 4-5.) These conclusory allegations do not plead sufficient factual matter to allow the Court to infer that either named Defendant acted under color of state law. *See Daniels v. Nw. Hum. Servs*, No. 20-1736, 2021 WL 4166285, at *2 (3d Cir. Sept. 14, 2021) (*per curiam*) (affirming dismissal of lawsuit against residential rehabilitation center and its employees where plaintiff alleged only that "Douglas House is a community residential rehabilitation residence under operation of [Northwestern Human Services] who is from my knowledge integrated working with the City of Philadelphia and its prison institutions and the state as well. People from the state jails are often sent to these [residential centers] for programs."); *Hines v. Sammons*, No. 22-193, 2022 WL 17752322, at *2 (D. Del. Dec. 19, 2022) ("[C]ourts have regularly concluded that private actors such as rehabilitation centers, halfway houses, and their employees were not acting under color of state law, even when the plaintiff's stay was ordered by a court or parole board."); *Smith v. Alternative Counseling Servs.*, No. 21-0076, 2021 WL 492513, at *3 (E.D. Pa. Feb. 10, 2021) ("Based on the allegations of the Complaint, it appears that these Defendants – a privately run halfway house, its owner, and its employees – are not subject to liability under § 1983."); *Allah v. O'Conner*, No. 18-4048, 2020 WL 5408066, at *2-5 (E.D. Pa. Sept. 9, 2020) (granting motion to dismiss because plaintiff did not carry burden of plausibly alleging that Gaudenzia employees were state actors for purposes of § 1983 liability). Because Burgos has not alleged plausibly that the Defendants are state actors, the Court will dismiss his Complaint for failure to state a claim under § 1983.

It is possible that Burgos seeks to assert state law claims for assault and battery. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Consequently, the only independent basis

for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A corporation is a citizen of the state where it has its principal place of business as well as the state of its incorporation. 28 U.S.C. § 1332(c)(1). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Burgos has not raised any allegations about his citizenship or the citizenship of the other parties; however, he lists a Pennsylvania address for himself and for all Defendants on the form Complaint. (*See* Compl. at 2.) Since the Complaint fails to allege a basis for diversity

jurisdiction, any state law claims will be dismissed for lack of jurisdiction without prejudice to Burgos reasserting those claims in state court.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Burgos leave to proceed *in forma pauperis* and dismiss his Complaint. All federal claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and any state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Burgos will be given an opportunity to file an amended complaint in the event he can cure the defects in his claims. An appropriate Order follows.

BY THE COURT:

_____
**MIA R. PEREZ, J.**

---

[3] The Court expresses no opinion on the merits of any state law claims.