IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL L. BURGOS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3547 |
| | : | |
| DRC GAUDENZIA, *et al.*, | : | |
|     Defendants. | : | |

**MEMORANDUM**

**PEREZ, J.**                                                                                                             **March 1, 2024**

    Currently before the Court is the Amended Complaint of *pro se* Plaintiff Angel L. Burgos, an inmate currently confined at SCI Coal Township, alleging violations of his civil rights during a stay at DRC Gaudenzia ("Gaudenzia"), a drug treatment facility in Philadelphia, Pennsylvania. For the following reasons, the Court will dismiss the Complaint.

**I.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**[1]

    On September 11, 2023, Burgos initiated this civil action by filing a Complaint alleging excessive force claims against Gaudenzia and "A. Telarico." (Compl. at 2.) Burgos claimed that on March 28, 2023, he was assaulted by Defendant Telarico and "K9 Airscan" during a drug and weapons search at Gaudenzia. (*Id.* at 4-5.) He alleged that "K9 Airscan" and Defendant Telarico "choked me with his hands around my neck and forcefully took me to the ground with a knee in my back." (*Id.* at 5.) According to Burgos, several onlookers witnessed the event. (*Id.*)

    Burgos asserted that he has suffered from lower back problems since the incident and sought treatment at SCI Coal Township for his injuries. (*Id.*) He also developed a fear of dogs.

---

[1] The allegations set forth in this Memorandum are taken from Burgos's Amended Complaint. The Court adopts the pagination supplied by the CM/ECF docketing system.

(*Id.*)  As relief, Burgos requested that "the parties involved [be] dealt with in a reasonable manner" so that no one else is hurt in the future.  (*Id.*)  He further noted that he lost his job and "6 months of work," which has negatively impacted his ability to gain custody of his son.  (*Id.*)

By Memorandum and Order dated November 21, 2023, the Court granted Burgos leave to proceed *in forma pauperis* and dismissed the Complaint without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (ECF Nos. 8, 9.)  The Court determined that Burgos had failed to plausibly allege that the named Defendants were state actors for purposes of his § 1983 claim.  (ECF No. 8 at 3-5.)  Any state law claims presented by Burgos were dismissed without prejudice for lack of subject matter jurisdiction.  (*Id.* at 5-7.)  Burgos was given thirty-days leave to file an amended complaint.  (ECF No. 9.)  He later sought an extension of time which was granted.  (ECF Nos. 12, 13.)  On January 11, 2024, Burgos filed the Amended Complaint that is presently before the Court.  (ECF Nos. 16, 18.)[2]

Burgos again drafted his pleading using the Court's standard form complaint for use in prisoner civil rights cases.  (Am. Compl. at 1-7.)  He named as Defendants DRC Gaudenzia, Lt. Terkarelli, and K-9 Air-Scan, and checked the boxes on the form to indicate that the claims are brought against them in their official capacities.  (*Id.* at 2-3.)  Burgos again claims that excessive force was used against him on March 28, 2023, at DRC Gaudenzia, located on Henry Avenue in Philadelphia.  (*Id.* at 3-5.)  According to Burgos, "an announcement came over the PA for every resident to come out [of] their rooms for a K-9 search.  When I came out of my room, the DOC staff told me to take my hands out of my pockets in which I did then I was assaulted by staff."  (*Id.* at 5.)  He alleges that the K-9 Air-Scan was "very physical and meant to cause harm rather

---

[2] A portion of the Amended Complaint was docketed separately at ECF No. 18.  The Court considers ECF Nos. 16 and 18 together to constitute the Amended Complaint.

2

than keep order." (*Id.* at 4.) Burgos further describes the incident as follows: "When I exited my room the K-9 officer pushed me first, then proceeded to put his hands around my neck and forcefully took me to the ground." (*Id.*)

Burgos avers that he has suffered from lower back pain. (*Id.* at 5.) He seeks reinstatement to his employment with Pitney Bowes, lost wages, a recommendation that the charges against him were false,[3] as well as a letter to get custody of his son. (*Id.*)

## II.   STANDARD OF REVIEW

Because Burgos has been granted leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [the Court will] accept the facts alleged in [the *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint,

---

[3] To the extent that Burgos seeks to be released from custody, the Court cannot grant such relief in this matter. A prisoner seeking dismissal of state charges because of constitutional violations must pursue his claims in a petition for a writ of habeas corpus. *See* 28 U.S.C. § 2241; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (when a prisoner "is challenging the very fact or duration of h[er] physical imprisonment, and the relief [s]he seeks is a determination that [s]he is entitled to immediate release or a speedier release from that imprisonment, h[er] sole federal remedy is a writ of habeas corpus."); *Garrett v. Murphy*, 17 F.4th 419, 430 (3d Cir. 2021) ("[W]henever a plaintiff pleads a violation of § 1983 and effectively seeks habeas relief, the plaintiff fails to state a § 1983 claim. Instead, the prisoner's only federal remedy is through a writ of habeas corpus after exhausting state remedies.").

liberally construed, . . . contains facts sufficient to state a plausible [] claim." (internal quotations omitted)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, the Court must review any claims over which subject matter jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

As Burgos is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'*pro se* litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*, 704 F.3d at 245).

### III. DISCUSSION

Burgos contends that his constitutional rights were violated when he was subjected to the use of excessive force at DRC Gaudenzia. (*See* Am. Compl. at 3-5.) He asserts claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Whether a defendant is acting under color of state law — *i.e.*, whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Burgos's Amended Complaint falls short of providing sufficient factual allegations to state a plausible claim. He contends that on March 28, 2023, an announcement over the PA system at DRC Gaudenzia instructed residents to exit their rooms for a K-9 search. (Am. Compl. at 5.) As alleged, "the DOC staff" instructed Burgos to take his hands out of his pockets, and after he complied, he was assaulted by "the staff." (*Id.*) Burgos further claims that the K-9 was physical with him and meant to cause harm rather than keep order, and that the K-9 officer

pushed him and put his hands around Burgos's neck, forcefully taking him to the ground. (*Id.* at 4.)

As a threshold matter, he has not plausibly alleged facts demonstrating that the named Defendants are state actors for purposes of § 1983. Indeed, Burgos has not alleged any details suggesting that the conduct of Gaudenzia or Lt. Terkarelli, who is identified as a Lieutenant employed at Gaudenzia, constituted state action. Burgos's conclusory allegations do not plead sufficient factual matter to allow the Court to infer that the named Defendants acted under color of state law.[4] *See Daniels v. Nw. Hum. Servs*, No. 20-1736, 2021 WL 4166285, at *2 (3d Cir. Sept. 14, 2021) (*per curiam*) (affirming dismissal of lawsuit against residential rehabilitation center and its employees where plaintiff alleged only that "Douglas House is a community residential rehabilitation residence under operation of [Northwestern Human Services] who is from my knowledge integrated working with the City of Philadelphia and its prison institutions and the state as well. People from the state jails are often sent to these [residential centers] for programs."); *Hines v. Sammons*, No. 22-193, 2022 WL 17752322, at *2 (D. Del. Dec. 19, 2022) ("[C]ourts have regularly concluded that private actors such as rehabilitation centers, halfway houses, and their employees were not acting under color of state law, even when the plaintiff's stay was ordered by a court or parole board."); *Smith v. Alternative Counseling Servs.*, No. 21-0076, 2021 WL 492513, at *3 (E.D. Pa. Feb. 10, 2021) ("Based on the allegations of the Complaint, it appears that these Defendants – a privately run halfway house, its owner, and its employees – are not subject to liability under § 1983."); *Allah v. O'Conner*, No. 18-4048, 2020

---

[4] To the extent that Burgos seeks to bring claims against K-9 Airscan, "dogs are never 'persons' within the meaning of § 1983." *Johnson v. Flenke*, No. 22-731, 2022 WL 3643655, at *4 (M.D. Pa. July 15, 2022) (citing *Jones v. Fransen*, 857 F.3d 843, 858 n.9 (11th Cir. 2017)), *report and recommendation adopted*, No. 22-0731, 2022 WL 3598109 (M.D. Pa. Aug. 23, 2022).

WL 5408066, at *2-5 (E.D. Pa. Sept. 9, 2020) (granting motion to dismiss because plaintiff did not carry burden of plausibly alleging that Gaudenzia employees were state actors for purposes of § 1983 liability).

Even if DRC Gaudenzia and its employees are state actors for purposes of a § 1983 claim, there are other deficiencies in Burgos's claim. In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Lawal v. McDonald*, 546 F. App'x 107, 113-14 (3d Cir. 2014) (pleading that relied on "repeated and collective use of the word 'Defendants'" was ambiguous about each Defendant's role in the events giving rise to plaintiff's claims). While Lt. Terkarelli is included in the caption and list of Defendants, he is not mentioned in the body of the Amended Complaint and Burgos does not describe any actions taken by Lt. Terkarelli. Moreover, Burgos's allegations that "DOC staff" instructed him to remove his hands from his pockets, that he was assaulted by "the staff," and that "the K-9 officer" pushed him to the ground do not adequately identify to whom he refers.

To the extent that Burgos again seeks to assert state law claims for assault and battery, such claims also will be dismissed. Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. Consequently, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in

7

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa, LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). A corporation is a citizen of the state where it has its principal place of business as well as the state of its incorporation. 28 U.S.C. § 1332(c)(1). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Burgos has not raised any allegations about his citizenship or the citizenship of the other parties; however, he lists a Pennsylvania address for himself and for all Defendants on the Amended Complaint. (*See* Am. Compl. at 2-3.) Since the Amended Complaint fails to allege a basis for diversity jurisdiction, any state law claims will be dismissed without prejudice for lack of jurisdiction.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss the Amended Complaint. All federal claims will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Since Burgos was already given an opportunity to amend the defects in his federal claims and was unable to do so, the Court concludes that further attempts to amend would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story"). Any state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Burgos reasserting those claims in state court if he chooses to do so.[5] An appropriate Order follows, which dismisses this case.

BY THE COURT:

**MIA R. PEREZ, J.**

---

[5] The Court expresses no opinion on the merits of any state law claims.